UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
TRACY H. BENEVENTO,

               Plaintiff,

  -against-                          **MEMORANDUM AND ORDER**
                                          Case No. 17-CV-7564 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
---------------------------------------------------x

Appearances:

*For the Plaintiff*:
HOWARD D. OLINSKY
Olinsky Law Group
300 South State Street
Syracuse, NY 13202

*For the Defendant*:
RICHARD P. DONOGHUE
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
BY: CANDACE SCOTT APPLETON

**BLOCK, Senior District Judge:**

      Tracy Benevento ("Benevento") seeks review of the Commissioner of Social Security's final decision denying her application for Disability Insurance Benefits and Supplemental Security Income. Both Benevento and the Commissioner move for judgment on the pleadings. For the reasons stated below, Benevento's motion is granted, the Commissioner's motion is denied, and the case is remanded for a directed finding of disability under Listing 1.04A and calculation of benefits.

1

# I.

Benevento was born in 1979, has a tenth-grade education, and previously worked as a receptionist and pharmacy technician. *See* Administrative Transcript ("AR") at 113, 119. On October 9, 2013, Benevento applied for Disability Insurance Benefits and Supplemental Security Income due to herniated discs, pinched nerves in the neck and lumbar spine, anxiety, migraines, and fibromyalgia with an alleged onset date of January 1, 2009. An initial decision denied Benevento's claims on February 18, 2014. Thereafter, Benevento sought and participated in a hearing before Administrative Law Judge ("ALJ") Margaret L. Pecoraro, who issued an unfavorable decision on September 27, 2016. In relevant part, the ALJ's Decision concluded that Benevento's lumbar spine impairments did not satisfy the criteria for spinal disorders under Listing 1.04A. As explained below, the ALJ's conclusion was based on a misapplication of law. The Decision was deemed final on November 27, 2017, when the Appeals Council denied review of Benevento's application. The ALJ developed the following evidence:

**A.    Medical Evidence.**

Benevento's medical record reveals a range of spine and spine-related disorders, including disc bulges, disc herniation, impingement on the thecal sac, impingement upon the spinal cord, nerve root compression, reduced strength in

upper and lower left extremities, and numbness and paresthesia in upper left extremity and face.

The following healthcare providers contributed to Benevento's medical record: Dr. Ji Han, a pain management specialist who treated Benevento between July and September 2009; Dr. Sunil Butani, a pain management specialist who treated Benevento between January 2010 and June 2011; and Dr. Wael Kamel, a neurologist who treated Benevento between January 2013 and May 2016.

Dr. Han's examination of Benevento revealed decreased motion in her cervical spine, and tenderness/spasms in her paravertebral and trapezius areas.

Dr. Butani observed tenderness and painful ranges of motion across Benevento's lumbosacral and cervical spine, numbness and paresthesia (sensory loss) in Benevento's upper left extremity, sensory deficits in her upper and lower extremities, weak grip strength, and an antalgic gait. Dr. Butani's treatment notes from January 2010 state Benevento suffered a "disability with regards to neck, lower back, and headaches." AR 543–44. In March 2010, Dr. Butani performed lumbar and cervical spine MRIs, which revealed that Benevento suffered from bulging discs, herniated discs that impinged on nerve roots, and a straightening of the cervical spine due to muscular spasm and/or strain. An electromyogram nerve condition velocity test ("EMG/NCV") performed in April 2010 showed that Benevento had radiculopathy (pinched nerve). Additional MRIs performed in June

3

and August 2011 showed the same disc bulges, herniated discs, and lumbar straightening.

Dr. Kamel's treatment began in 2013. He performed another round of MRIs and observed "unchanged" disc bulges and herniations, an annular tear, and straightening of the cervical and lumber spine caused by muscular spasms and/or strains. Treatment notes from April 2013 state that Benevento's "[m]uscle tone is normal except for significant spasm in the paraspinal muscles of the cervical [and lumbar] spine." AR 429. Dr. Kamel saw Benevento again in March 2014 and on several occasions in summer and fall 2015, each time observing "significant spasm[s]" in the paraspinal muscles of Benevento's cervical and lumbar spine. AR 800–02, 833, 836, 948. Another round of MRIs performed in July 2015 revealed the same disc bulges and herniations. Dr. Kamel diagnosed Benevento with lumbar and cervical radiculopathy and fibromyalgia.

**B.     Hearing Testimony**

The following individuals testified before the ALJ: Benevento and Dr. Chiam Eliav (a medical expert). Benevento testified that she stopped working in 2008 due to back and neck pain, fibromyalgia, headaches, and anxiety. She further testified that she could only sit, stand, and/or walk for 15 to 20 minutes at a time, could not lift a gallon of milk without experiencing neck pain, and that medications prescribed for pain management caused tiredness, dizziness, and fatigue.

4

Dr. Eliav testified that MRI scans of Benevento's spine showed a history of herniated discs in the cervical and lumbar regions of spines. However, Dr. Eliav testified that Benevento's impairments did *not* meet a listed impairment, because November 2015 treatment notes revealed normal muscle strength and no tenderness as would support a fibromyalgia diagnosis.

**C.     ALJ's Decision**

The ALJ rendered her decision on September 27, 2016, applying the five-step evaluation process under 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).[1] In relevant part, the ALJ found that Benevento suffered from severe impairments of lumbar and cervical disc disease, fibromyalgia, asthma, headaches, obesity, generalized anxiety disorder, and depressive disorder, but that none of Benevento's impairments met the criteria for any presumptively disabling impairment in the Listing of Impairments.[2]

---

[1] The Commissioner must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014). The burden of proof is on the claimant, but shifts to the Commissioner at the fifth step. *Id.*

[2] Though not directly relevant to this Court's decision, the ALJ also found that while Benevento could not perform her past work as a pharmacy technician or receptionist (classified as "light" and "sedentary" work, respectively), Benevento

5

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). In this case, Benevento challenges the Commissioner's final decision that she failed to meet the criteria for spinal disorders defined under Listing 1.04A.[3] For the following reasons, the Court finds that ALJ misapplied applicable legal principles and therefore erred in denying Benevento's application.

---

*could* perform other light and sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967. In consideration of this RFC, as well as Benevento's age, education, and work experience, the ALJ found Benevento was not disabled and that jobs existed in significant numbers in the national economy Benevento could perform.

[3] Benevento also contends that the Commissioner's decision should be remanded as "the ALJ erred when dismissing the opinions of [Benevento's] treating physician in favor of a non-examining medical expert." Because the Court finds persuasive evidence in the record that Benevento meets the criteria for a disability under Listing 1.04A, we do not address this alternative argument. In addition, as Benevento does not challenge the ALJ's findings regarding mental impairment, the Court does not address those issues.

**A. The Commissioner Committed Legal Error When Finding That Claimant Did Not Satisfy Listing 1.04A.**

When a claimant's physical impairments meet or equal any disorder in the Listing of Impairments, the Commissioner must find that the claimant is disabled. 20 C.F.R. § 404.1520(d).

Listing 1.04A provides:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of **nerve root compression** characterized by neuro-anatomic distribution of pain, **limitation of motion** of the spine, **motor loss (atrophy with associated muscle weakness or muscle weakness)** accompanied by **sensory or reflex loss** and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. § Pt. 404, Subpt. P, App. 1 (emphasis added). The ALJ found that Benevento's physical condition did not meet the criteria of Listing 1.04A on the basis that "the record reflects a disorder of the spine, *but there is little or no motor weakness and no muscle atrophy*." AR 22 (emphasis added).

The Court will set aside the Commissioner's determination only where it is "based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). Here, the ALJ committed legal error in at least two respects.

First, contrary to the ALJ's Decision, Listing 1.04A does *not* require "muscle atrophy." It requires "motor loss," which may be demonstrated through evidence of "atrophy with associated muscle weakness" or through evidence of "muscle weakness" alone. *See Olechna v. Astrue*, No. 08-CV-398, 2010 WL 786256, at *5 (N.D.N.Y. Mar. 3, 2010) ("[The] absence of muscle atrophy is not evidence that a claimant fails to meet Listing 1.04, and to rely on such an absence is to apply an improper legal standard."). The bare absence of "muscle atrophy" does not disqualify Benevento from meeting the criteria of Listing 1.04A.

Second, the ALJ applied an incorrect legal standard when it denied Benevento's application despite finding evidence of some, or "little," muscle weakness. Ostensibly, the ALJ reasoned that evidence of some muscle weakness was insufficient to satisfy Listing 1.04A. That standard has no basis in applicable law. Listing 1.04A requires proof of "muscle weakness," but it does not require a specific level. In denying Benevento's application, the ALJ artificially imposed a higher standard for muscle weakness than Listing 1.04A actually requires.

Because of these legal errors, the Court cannot affirm the ALJ's Decision. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability

8

determination made according to the correct legal principles."). A remand for the calculation of benefits is appropriate where the administrative "record provides persuasive proof of disability and the application of the correct legal standards 'could lead to only one conclusion.'" *Henningsen v. Comm'r of Soc. Sec. Admin.*, 111 F. Supp. 3d 250, 263 (E.D.N.Y. 2015). If "further administrative proceedings would serve no purpose," such as to develop evidence or fill gaps in the record, "remand for the calculation of benefits is warranted." *Id*. In this case, applying the correct legal standard, the record contains persuasive proof that could lead to only one conclusion: Benevento's physical impairment satisfies the criteria in Listing 1.04A.

With respect to Listing 1.04A's criterion of (1) nerve root compression, (2) limited motion of the spine, and (3) sensory or reflex loss, the record reveals that Benevento suffered from each: Dr. Han observed decreased ranges of motion in Benevento's cervical spine, tenderness in her paravertebral and trapezius areas (nerve root compression), and a positive Sperling's maneuver (nerve root compression). Dr. Butani found painful and limited ranges of motion in Benevento's cervical and lumber spine, as well as sensory deficits in Benevento's left upper extremity and on the left side of her face. As already noted, the ALJ's own Decision acknowledged that Benevento suffered muscle weakness (motor loss). Since the record contains persuasive proof that Benevento satisfied each criterion in Listing 1.04A, remands for a directed finding of disability and a calculation of Benevento's

9

benefits is appropriate. 20 C.F.R. § 404.1520(d) ("If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.").

### III.

For the foregoing reasons, Benevento's motion for judgment on the pleadings is granted, the Commissioner's motion for judgment on the pleadings is denied, and the case is remanded for a directed finding of disability and calculation of benefits.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 27, 2019