UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
TRACY H. BENEVENTO,

                Plaintiff,

   -against-

NANCY A. BERRYHILL,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:17-cv-7564-FB

*Appearances:*
*For the Plaintiff*:
HOWARD D. OLINKSY
Olinksy Law Group
250 South Clinton St.
Ste 210
Syracuse, NY 13202

*For the Defendant*:
CANDACE SCOTT APPLETON
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    Following an order to remand for the calculation of benefits, the Social Security Administration ("SSA") awarded Plaintiff Tracy Benevento $65,929.00 in past-due benefits. Benevento also obtained $6,250.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"), which the parties stipulated would be paid to Olinsky. ECF No. 31 at 1-2. Pending is attorney Howard Olinksy's ("Olinksy's") motion for approval of a contingency fee agreement ("the Agreement"), which provides that 25% of the plaintiff's past due benefits award

1

will be paid to counsel. Olinksy seeks a total of $16,482.25 in attorney's fees. For the reasons below, Olinksy's fee request is granted.

Title 42, United States Code, Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision does not prohibit the use of contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Courts in the Second Circuit weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Olinksy requests a fee of $16,482.25, which is 25% of the total benefits award. There is no allegation of fraud. Finally, the requested amount of fees is not a windfall to the attorney.

Olinksy requests a fee of $16,482.25 for 35.9 hours of work rendered before this Court. ECF No. 31 at 3. This hourly calculation includes 7.2 hours of paralegal work at the rate of $100.00 per hour. This makes the *de facto* hourly rate for the

2

remaining 28.7 hours of attorney work $549.21. ECF No. 31 at 3. This Court has found that $100.00 per hour for paralegal work is reasonable. *See, e.g., Bonaventure v. Saul*, 2021 WL 1550513, at *2 (E.D.N.Y. April 19, 2021); *Long v. Comm'r of Soc. Sec.*, 2020 WL 6545904, at *3 (E.D.N.Y. Nov. 6, 2020). The hourly rate of $549.21 for attorney work is also within the range that this Court has found to be reasonable in Social Security cases and therefore is not a windfall. *See Patruno v. Berryhill*, 2021 WL 1091900, at *1 (E.D.N.Y. March 22, 2021). Olinksy's requested fee of $16,482.25 is reasonable.

## CONCLUSION

Olinksy's motion is **GRANTED**. The Commissioner of the SSA is **DIRECTED** to disburse $16,482.25 to Olinksy and the remainder to the plaintiff. Upon receipt of these funds, Olinksy is **DIRECTED** to refund the $6,250.00 awarded under the EAJA to the plaintiff.

**SO ORDERED.**

                                                                      /S/ Frederic Block
                                                                     FREDERIC BLOCK
                                                                     Senior United States District Judge

Brooklyn, New York
July 22, 2021